UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-340 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **SUPERSEDING INDICTMENT** |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1341 |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1349 |
| HUY NGOC NGUYEN, | ) | |
| JEROME TARLVE DOE, | ) | |
| NAPOLEON TUTEX DEAH, | ) | |
| OKWUCHUKWU EMMANUEL | ) | |
|    JIDEOFOR, | ) | |
| MIMI HUU DOAN, and | ) | |
| QUINCY CHETTUPALLY, | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES:

## INTRODUCTION

1.    From at least in or about 2010 through in or about 2016, Huy Ngoc Nguyen, a Doctor of Chiropractic, participated in a scheme with others to defraud automobile insurance companies by submitting claims and receiving reimbursements through his chiropractic clinics for chiropractic services that were either not medically necessary or not rendered at all. The services prescribed and purportedly provided by Nguyen were not determined by medical necessity and reasonableness and the unique characteristics of each patient and were instead designed to fraudulently maximize reimbursement from the patients' automobile insurance companies. To induce patients to attend the chiropractic treatment sessions ordered by Nguyen, Nguyen made illegal kickback payments to patient recruiters, known as "runners." The kickback payments typically ranged between $500

SCANNED
AUG 1 5 2017
U.S. DISTRICT COURT MPLS

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 2 of 13

U.S. v. Huy Nguyen, et al.                            Criminal No. 16-340 (MJD/FLN)

and $2,000 for each automobile accident patient that the runners brought to Nguyen's clinics. Nguyen would often withhold the kickback payments or a portion of the kickback payments until the patient referred by the runner had attended a minimum number of treatment sessions, which was a predetermined number of sessions that was set before Nguyen even examined the patient. The runners, in turn, often gave a portion of the kickback payments they had received from Nguyen to the patients to induce the patients to attend the chiropractic treatment sessions that Nguyen ordered. In some instances, Nguyen paid patients directly to induce them to attend the chiropractic treatment sessions he had ordered. In yet other instances, Nguyen billed automobile insurance companies for services that were not actually provided.

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Relevant Entities and Individuals

2. Healthcare Chiropractic Clinic, Inc., which also conducted business under the name Accident Recovery Chiropractic P.A., ("Healthcare Chiropractic") was a chiropractic practice with locations in Minneapolis and Brooklyn Park, Minnesota.

3. Northwest MRI Center, Inc., which also conducted business under the name Midwest MRI Center Inc., ("Northwest MRI") was a diagnostic imaging center located in Brooklyn Park, Minnesota, that provided magnetic resonance imaging ("MRI") scans.

4. Pain Clinics of Minnesota, P.A. ("Pain Clinics of MN"), was a pain management clinic located in the same building as Northwest MRI, in Brooklyn Park,

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 3 of 13

U.S. v. Huy Nguyen, et al.                                       Criminal No. 16-340 (MJD/FLN)

Minnesota, that provided pain-management injections and other pain-management treatments.

5. Defendant **HUY NGOC NGUYEN** was a doctor of chiropractic licensed to practice by the State of Minnesota, and was the owner and chief financial officer of Healthcare Chiropractic. **NGUYEN** submitted and caused to be submitted to automobile insurance companies claims for chiropractic and rehabilitation services that were not medically necessary and were not provided and made and caused to be made illegal payments for the referral of patients to Healthcare Chiropractic.

6. Defendant **JEROME TARLVE DOE** was a runner employed by **NGUYEN** and Healthcare Chiropractic. **DOE** recruited automobile accident victims to show up for appointments at Healthcare Chiropractic, received illegal payments for recruiting these patients, and made payments to patients to induce them to continue receiving medically unnecessary chiropractic services.

7. Defendant **NAPOLEON TUTEX DEAH** was a runner employed by **NGUYEN** and Healthcare Chiropractic. **DEAH** recruited automobile accident victims to show up for appointments at Healthcare Chiropractic, received illegal payments for recruiting these patients, and made payments to patients to induce them to continue receiving medically unnecessary chiropractic services.

8. Defendant **OKWUCHUKWU EMMANUEL JIDEOFOR** was a runner employed by **NGUYEN** and Healthcare Chiropractic. **JIDEOFOR** recruited automobile accident victims to show up for appointments at Healthcare Chiropractic, received illegal payments for recruiting these patients, and made payments to patients to induce them to

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 4 of 13

U.S. v. Huy Nguyen, et al.                           Criminal No. 16-340 (MJD/FLN)

continue receiving medically unnecessary chiropractic services. **JIDEOFOR** also was involved in "staging" automobile accidents in which other individuals working with **JIDEOFOR** purposely crashed automobiles together so that **JIDEOFOR** and those other individuals could obtain kickback payments from **NGUYEN** and make claims to receive various benefits under automobile insurance contracts.

9.  Defendant **MIMI HUU DOAN** was an employee of Healthcare Chiropractic, and the chief executive officer of Northwest MRI. **DOAN** directed patients of **NGUYEN** and Healthcare Chiropractic to sign documents falsely representing that the patients had attended appointments and received treatment on days when they had not actually attended their appointments and received any treatment and thereby caused claims for reimbursement to be submitted to automobile insurance companies for services that had not been provided.

10. Defendant **QUINCY CHETTUPALLY** was an employee and officer of Northwest MRI and the registered agent of Pain Clinics of MN. In addition to the illegal payments that **NGUYEN** paid to runners for each automobile accident victim that the runners referred to **NGUYEN's** clinics, **CHETTUPALLY** made additional illegal payments to runners in exchange for the referral of automobile accident victims to Northwest MRI and Pain Clinics of MN. **CHETTUPALLY** paid runners for MRI scans performed on patients referred by the runners to Northwest MRI and for injections performed on patients referred by the runners to Pain Clinics of MN by the runners.

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 5 of 13

U.S. v. Huy Nguyen, et al.                    Criminal No. 16-340 (MJD/FLN)

## Minnesota's "No-Fault" Automobile Insurance

11.     The Minnesota No-Fault Automobile Insurance Act (the "No-Fault Act"), mandated that every vehicle registered in the State of Minnesota be covered by "no-fault" automobile insurance. The No-Fault Act also required that automobile insurance carriers (each being an "Insurer," or collectively the "Insurers") issue policies that comply with various requirements, including providing minimum coverage of $20,000 in medical expense benefits and $20,000 in income loss, replacement services loss, funeral expense loss, survivor's economic loss, and survivor's replacement services loss benefits, to victims of automobile accidents. The No-Fault Act required that Insurers provide this coverage and pay these benefits regardless of which party is at fault for the automobile accident. Among the medical expense benefits that an Insurer was required to reimburse were chiropractic services.

12.     The No-Fault Act prohibited health care providers, including chiropractors, from initiating direct contact with any individual who suffered an injury as a result of an automobile accident, specifying that the prohibited direct contact included contact by any employee, agent, or third party acting on behalf of the health care provider, including individuals referred to as "cappers," "runners," or "steerers." Minnesota laws also expressly prohibited the employment of runners, cappers, or steerers (hereinafter, "runner" or "runners"), defining each such term to mean "a person who for a pecuniary gain directly procures or solicits prospective patients through telephonic, electronic, or written communication, or in-person contact, at the direction of, or in cooperation with, a health care provider when the person knows or has reason to know that the provider's purpose is

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 6 of 13

U.S. v. Huy Nguyen, et al.                                    Criminal No. 16-340 (MJD/FLN)

to perform or obtain services or benefits under or relating to a contact of motor vehicle insurance." Minn. Stat. § 609.612, Subd. 1(c). Any claims for services rendered by a health care provider that resulted from the use of a runner "are noncompensable and unenforceable as a matter of law." *Id.* Subd. 2.

### The No-Fault Insurance Fraud Scheme

13. In order to take advantage of the provisions of the No-Fault Act that required reimbursement of chiropractic services, **NGUYEN** focused Healthcare Chiropractic's business on automobile accident victims and structured it in a way that would maximize the number of automobile accident patients seen at the clinic and maximize the number of visits and treatments that each patient would receive.

14. To increase the patient volume at Healthcare Chiropractic, in violation of Minnesota State Law, **NGUYEN** paid and caused to be paid illegal kickbacks to runners, including to **DOE, DEAH,** and **JIDEOFOR,** in exchange for the referral of automobile accident victims to Healthcare Chiropractic. **NGUYEN** generally paid the runners, including **DOE, DEAH,** and **JIDEOFOR,** a kickback of between $500 and $2,000 per patient referral.

15. To ensure that he and Healthcare Chiropractic would maximize profits when billing the services to the Insurers, **NGUYEN** withheld kickback payments until after the referred patient had completed a minimum threshold number of chiropractic appointments at Healthcare Chiropractic, thus ensuring that **DOE, DEAH, JIDEOFOR,** and other runners would require the automobile accident patients that they referred to return for multiple visits.

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 7 of 13

U.S. v. Huy Nguyen, et al.                                  Criminal No. 16-340 (MJD/FLN)

16.     To induce patients to go to Healthcare Chiropractic for services and to continue attending medically unnecessary sessions at Healthcare Chiropractic, **DOE**, **DEAH**, **JIDEOFOR**, and other runners paid cash kickbacks directly to the patients. On occasion, **NGUYEN** paid patients directly to induce them to continue attending medically unnecessary sessions and receiving medically unnecessary services. **JIDEOFOR** and other runners staged accidents and then referred purported vehicle occupants to Healthcare Chiropractic for treatments in exchange for kickback payments from **NGUYEN**. **NGUYEN** then submitted or caused to be submitted claims to the Insurers for treatments provided to the purported occupants of such staged accidents.

17.     In an effort to conceal the true nature of the illegal payments, **NGUYEN** often obtained the funds to make the illegal payments by writing checks payable to "cash" for several thousand dollars. **NGUYEN** often wrote multiple such checks in a single week, which he falsely characterized as having been for "chiropractic supplies" or "office supplies." **NGUYEN** also wrote checks to runners, which he falsely characterized as having been for "marketing" or "transportation" in an effort to conceal the illicit nature of the payments.

18.     Regardless of the physical condition of each patient, **NGUYEN** prescribed a similar, and often identical, protocol of treatment for each patient. The protocol was designed to maximize the number of visits that each patient would make to Healthcare Chiropractic, maximize the number of services provided at each visit, and, in turn, maximize reimbursement to **NGUYEN** and Healthcare Chiropractic. **NGUYEN** frequently prescribed this predetermined protocol without even first conducting an initial

CASE 0:16-cr-00340-MJD-FLN Document 96 Filed 08/15/17 Page 8 of 13

U.S. v. Huy Nguyen, et al.                                      Criminal No. 16-340 (MJD/FLN)

examination of the patient and without regard to the unique complaints, symptoms, medical histories, and needs of the patient. In order to increase the likelihood that the Insurers would pay the claims he had submitted, **NGUYEN** instructed the staff of Healthcare Chiropractic to falsify patient records to show a certain description, level, and location of pain regardless of what the patient had actually reported. **NGUYEN** prescribed and performed these services for automobile accident patients without consideration of the medical necessity of these treatments. Some patients were unwilling or unable to attend all of the chiropractic treatment sessions that **NGUYEN** had prescribed. **NGUYEN**, **DOAN**, and other employees of Healthcare Chiropractic acting at their direction frequently caused such patients to sign documents falsely representing that the patients had attended appointment and received treatments on days that they had not.

19. **NGUYEN, DOAN**, and others acting at their direction then submitted to the Insurers claims for these services that were not medically necessary and, in other instances, not even provided. With each such claim submission to the various Insurers, **NGUYEN** and Healthcare Chiropractic represented that the services for which reimbursement was being sought were provided and were medically necessary.

20. In order to also take advantage of the provisions of the No-Fault Act that required reimbursement of diagnostic imaging procedures, including MRI scans, and pain-management procedures, including pain injections, **NGUYEN** referred many of his patients to Northwest MRI and Pain Clinics of MN regardless of whether the MRI scans and pain-management injections were medically necessary and reasonable given the patients' unique physical condition. **NGUYEN** and **CHETTUPALLY** made

CASE 0:16-cr-00340-MJD-FLN Document 96 Filed 08/15/17 Page 9 of 13

U.S. v. Huy Nguyen, et al.                               Criminal No. 16-340 (MJD/FLN)

arrangements with runners under which **NGUYEN** made kickback payments to the runner in exchange for the referral of patients to Healthcare Chiropractic and **CHETTUPALLY** made additional kickback payments to the runner in exchange for the referral of patients to Northwest MRI and to Pain Clinics of MN. Thus, a runner who referred a patient to **NGUYEN** could receive $1,600 from **NGUYEN** for the referral to Healthcare Chiropractic and at least several hundred dollars more from **CHETTUPALLY**, consisting of payments for MRI scans and injections, in exchange for the referrals to Northwest MRI and Pain Clinics of MN.

21. **NGUYEN** also submitted and caused to be submitted to the Insurers claims for services that were provided as a result of kickback payments to **DOE, DEAH, JIDEOFOR**, and other runners and failed to disclose this material fact to the Insurers.

22. The Insurers paid to **NGUYEN**, Healthcare Chiropractic, and Northwest MRI millions of dollars during the time period from 2012 through 2015 as a result of these false and fraudulent claims submissions.

### COUNT 1
(Conspiracy to Commit Mail Fraud and Wire Fraud)

23. The allegations set forth in paragraphs 1 through 22 of this Indictment are re-alleged as if fully set forth herein.

24. From at least in or about 2010 and continuing thereafter through in or about 2016, in the State and District of Minnesota and elsewhere, the defendants,

**HUY NGOC NGUYEN,
JEROME TARLVE DOE,
NAPOLEON TUTEX DEAH,
OKWUCHUKWU EMMANUEL JIDEOFOR,**

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 10 of 13

U.S. v. Huy Nguyen, et al.                          Criminal No. 16-340 (MJD/FLN)

**MIMI HUU DOAN, and
QUINCY CHETTUPALLY,**

did knowingly and willfully conspire, combine, and agree with each other and with other persons known and unknown to the Grand Jury to commit mail fraud, in violation of Title 18, United States Code, Section 1341, and to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-7
(Mail Fraud)

25.  The allegations set forth in paragraphs 1 through 22 of this Indictment are re-alleged as if fully set forth herein.

26.  On or about the following dates, in the State and District of Minnesota and elsewhere, the defendants, as named below in each count, aided and abetted by each other and by other persons known and unknown to the grand jury, having devised and intending to devise the scheme and artifice described above, caused to be sent, delivered, and moved by the United States Postal Service and commercial interstate carrier the following mailings, items, and things, for the purpose of executing and attempting to execute such scheme and artifice:

CASE 0:16-cr-00340-MJD-FLN Document 96 Filed 08/15/17 Page 11 of 13

U.S. v. Huy Nguyen, et al.             Criminal No. 16-340 (MJD/FLN)

| COUNT | APPROX. DATE | DEFENDANTS | MAILING DETAILS |
|---|---|---|---|
| 2 | 9/20/2013 | **HUY NGOC NGUYEN, MIMI HUU DOAN** | Mailing of check from Pacesetter Adjustment company to Healthcare Chiropractic relating to patient T.B. |
| 3 | 1/09/2014 | **HUY NGOC NGUYEN, MIMI HUU DOAN** | Mailing of check from Illinois Farmers Insurance company to Healthcare Chiropractic relating to patient C.L.R. |
| 4 | 07/5/2014 | **HUY NGOC NGUYEN** | Mailing of check from Travelers Insurance company to Healthcare Chiropractic relating to patient M.G |
| 5 | 07/14/2014 | **HUY NGOC NGUYEN, NAPOLEON DEAH** | Mailing of check from Country Mutual Insurance company to Healthcare Chiropractic relating to **DEAH** |
| 6 | 11/21/2015 | **HUY NGOC NGUYEN, MIMI HUU DOAN** | Mailing of claims forms from Healthcare Chiropractic to GEICO relating to patient L.G. |
| 7 | 12/18/2015 | **HUY NGOC NGUYEN, OKWUCHUKWU EMMANUEL JIDEOFOR** | Mailing of check from Nationwide Insurance Company to Healthcare Chiropractic relating to patient T.J. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 8-12
(Wire Fraud)

27.     The allegations set forth in paragraphs 1 through 22 of this Indictment are re-alleged as if fully set forth herein.

28.     On or about the following dates, in the State and District of Minnesota and elsewhere, the defendants, and others known and unknown to the grand jury, having devised and intending to devise the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the following

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 12 of 13

U.S. v. Huy Nguyen, et al.                            Criminal No. 16-340 (MJD/FLN)

writings, signs, signals, pictures, and sounds for the purpose of executing and attempting to execute such scheme and artifice:

| COUNT | APPROX. DATE | DEFENDANTS | WIRE DETAILS |
|---|---|---|---|
| 8 | 08/17/2012 | **HUY NGOC NGUYEN** | Wire communication that processed a $1,435.00 check relating to patient M.H. deposited into a Healthcare Chiropractic account at Wells Fargo |
| 9 | 2/18/2015 | **HUY NGOC NGUYEN, MIMI HUU DOAN** | Wire communication that processed a $5,000.85 check relating to patient V.C.O. deposited into a Healthcare Chiropractic account at Wells Fargo |
| 10 | 05/01/2015 | **HUY NGOC NGUYEN, JEROME TARLVE DOE** | Wire communication that processed a $1,903.92 check relating to patient C.W. deposited into a Healthcare Chiropractic account at Wells Fargo |
| 11 | 05/23/2016 | **HUY NGOC NGUYEN, QUINCY CHETTUPALLY** | Fax transmission of claims form for patient J.L.F. from Healthcare Chiropractic to Liberty Mutual Insurance company |
| 12 | 06/01/2016 | **HUY NGOC NGUYEN, QUINCY CHETTUPALLY** | Fax transmission of claims form for patient J.L.F. from Northwest MRI to Liberty Mutual Insurance company |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### FORFEITURE ALLEGATIONS

29.    Counts 1 through 12 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeiture pursuant to

CASE 0:16-cr-00340-MJD-FLN   Document 96   Filed 08/15/17   Page 13 of 13

U.S. v. Huy Nguyen, et al.                                        Criminal No. 16-340 (MJD/FLN)

Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

30.     Upon conviction of the offenses alleged in Counts 1-12 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7) and Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts 1 through 12, respectively.

31.     If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____          _____
ACTING UNITED STATES ATTORNEY        FOREPERSON